THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Leroy B., Respondent,
 
 
 

v.

 
 
 
 Fatiema B. and
 Andre N., Defendants,
 In the Interest
 of a Minor Child. 
 Of whom Fatiema
 B. is the Respondent,
 and Andre N. is
 the Appellant.
 
 
 

Appeal From Sumter County
Angela R. Taylor, Family Court Judge

Unpublished Opinion No. 2012-UP-225
 Submitted March 1, 2012  Filed April 18,
2012    

AFFIRMED

 
 
 
 John S. Keffer, of Sumter, for Appellant.
 T. H. Davis III, of Sumter, and William T.
 Toal, of Columbia, for Respondents.
 Shannon M. Chandler, of Columbia, Guardian
 ad Litem.
 
 
 

PER CURIAM: Leroy B. and Fatiema B. (Mother) had been married for
 five years when the minor child (Child) was born.  Leroy B. and Mother
 separated when the child was four years old.  After separating, Mother informed
 Leroy B. that he was not the biological father of Child.  Leroy B. filed
 an action to adopt Child, naming as defendants Mother and Andre N., whom all
 agree is the biological father of Child.  The family court granted the adoption
 without the consent of Andre N.  Andre N. appeals, arguing the family
 court erred in: (1) finding his consent was not required for the adoption; (2) applying section 63-9-310 to this case even
 though this section is applicable only to third-party placement cases; (3) finding
 the adoption was in Child's best interest;
 and (4) finding it had jurisdiction to hear the adoption action.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: 
1.  As to whether the family court
 erred in finding Andre N.'s consent was not required for the adoption: S.C.
 Code Ann. § 63-9-310(A)(4) (2010) (providing consent is required from a father of a child born to father and the child's
 mother out of wedlock "if the child was placed with the prospective
 adoptive parents more than six months after the child's birth" and "the
 father has maintained substantial and continuous or repeated contact with the
 child as demonstrated by: (a) payment by the father toward the support of the
 child of a fair and reasonable sum, based on the father's financial ability;
 and either (b) visits by the father to the child at least monthly when the
 father is physically and financially able to do so, and when the father is not
 prevented from doing so by the person or agency having lawful custody of the
 child; or (c) regular communication by the father with the child or with the
 person or agency having lawful custody of the child, when the father is
 physically and financially unable to visit the child, or when the father is
 prevented from visiting the child by the person or agency having lawful custody
 of the child"); S.C. Code Ann. § 63-9-310(A)(5) (2010) (providing consent is required from a father of a child born to father and the child's
 mother out of wedlock "if the child was placed with the prospective
 adoptive parents six months or less after the child's birth" and "(a) the
 father openly lived with the child or the child's mother for a continuous
 period of six months immediately preceding the placement of the child for
 adoption, and the father openly held himself out to be the father of the child
 during the six months period; or (b)
 the father paid a fair and reasonable sum, based on the father's financial
 ability, for the support of the child or for expenses incurred in connection
 with the mother's pregnancy or with the birth of the child, including, but not
 limited to, medical, hospital, and nursing expenses"); Abernathy v.
 Baby Boy, 313 S.C. 27, 31, 437 S.E.2d 25, 28 (1993) ("The United
 States Supreme Court has recognized that an unwed father may possess a
 relationship with his child that is entitled to constitutional protection. 
 However, parental rights do not spring full-blown from the biological
 connection between parent and child.  They require relationships more enduring.
 Thus, an unwed father must demonstrate a full commitment to the
 responsibilities of parenthood by coming forward to participate in the rearing
 of his child before his interest in personal contact with his child acquires
 substantial constitutional protection." (citations and quotation marks
 omitted)); Roe v. Reeves, 392 S.C. 143, 150, 708 S.E.2d 778, 782 (2011)
 ("[I]t is only [i]f [the father] grasps that opportunity and accepts some
 measure of responsibility for the child's future [that he may] enjoy the
 blessings of the parent-child relationship and make uniquely valuable
 contributions to the child's development." (citation and quotation marks
 omitted)).
2. As to whether the family court
 erred in applying section 63-9-310 even though this section applies only to third-party
 placement cases: Bodkin v. Bodkin, 388 S.C. 203, 219, 694 S.E.2d 230, 239 (Ct. App.
 2010) ("When the family court does not rule on an issue presented to it,
 the issue must be raised by a post-trial motion to be preserved for
 appeal.").
3. As to whether the adoption was in Child's
 best interest: Futch v. McAllister
 Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting
 an appellate court need not address appellant's remaining issues when its
 determination of a prior issue is dispositive).
4. As to whether the family court had
 jurisdiction to hear the adoption case: Pittman
 v. Pittman, 395 S.C. 209, 219, 717
 S.E.2d 88, 93 (Ct. App. 2011) (finding the husband abandoned an issue on appeal
 because the husband did not offer any supporting authority for his argument).  

AFFIRMED.
FEW, C.J., HUFF and SHORT,
 JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.